NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OX LABS INC., a California corporation, | No. 20-55336 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-05934-MWF-KS |
| v. | |
| BITPAY, INC., a Delaware corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted May 5, 2021
Pasadena, California

Before: KLEINFELD, WARDLAW, and GOULD, Circuit Judges.

Ox Labs Inc. appeals the district court's order denying specific recovery of 200 Bitcoins from BitPay, Inc., and fixing Ox Labs' damages award to the value of the Bitcoins when BitPay sold them. Because the parties are familiar with the facts and procedural history of the case, we recite only those facts necessary to decide this appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

"A motion for judgment as a matter of law is reviewed de novo." *Davis v. Yageo Corp.*, 481 F.3d 661, 673 (9th Cir. 2007). We review the district court's computation of damages for clear error. *Maxey v. Butchers' Union Loc. No. 126, Amalgamated Meat Cutters & Butchers Workmen of N. Am., AFL-CIO*, 627 F.2d 912, 915 (9th Cir. 1980).

The district court correctly denied Ox Labs specific recovery of its 200 Bitcoins. The California Supreme Court has yet to decide whether Bitcoins can be specifically recovered in a conversion action. Based on our review of California authorities, however, we conclude that they cannot. Specific recovery is unavailable when the converted property is intangible. *See, e.g.*, *Englert v. IVAC Corp.*, 92 Cal. App. 3d 178, 184 (1979) ("[O]ne must distinguish between shares of stock, a person's intangible ownership interest in a company which cannot be replevied, and the tangible certificates of stock which represent those shares and which can be replevied."). Because the converted property here, cryptocurrency, is intangible, Ox Labs cannot specifically recover its Bitcoins from BitPay.

We also conclude that the district court did not clearly err in finding that BitPay must have sold Ox Labs' Bitcoins in July 2015. The district court's finding was supported by two declarations from Anthony Gallippi, one of BitPay's co-founders. Gallippi declared that in 2015, BitPay traded Bitcoins on three exchanges: SFOX, ItBit, and Kraken. He said that on July 10, 2015, BitPay

2

liquidated Ox Labs' Bitcoins on SFOX for around $57,000. According to Gallippi, "the only other possibility is that the 200 bitcoin were transferred to Kraken or ItBit. Even if this happened, the bitcoin balances of these three accounts were fully liquidated to zero on July 14, 2015[.]"

Nor did the district court err in limiting Ox Labs' damages to the price of the Bitcoins when BitPay sold them in July 2015. In California, the default remedy for conversion is to award damages equal to the value of the property at the time of conversion. Cal. Civ. Code § 3336; *Lueter v. California*, 94 Cal. App. 4th 1285, 1301–02 (2002) ("As a general rule, the value of the converted property is the appropriate measure of damages[.]"). Alternatively, courts may award damages sufficient to compensate a plaintiff for losses that are the "natural, reasonable and proximate result" of the conversion, but "only where a determination of damages on the basis of value would be manifestly unjust." *Id*. at 1302.

The district court correctly chose the default damages calculation. Ox Labs did not show that it was "reasonably foreseeable that special injury or damage would result from [BitPay's] conversion." *Id*. It submitted no evidence that would have raised a triable issue of fact as to whether it would have kept the 200 Bitcoins beyond 2015. Moreover, awarding Ox Labs the default remedy would not be "manifestly unjust" under the circumstances. *Id*. It was Ox Labs, after all, that mistakenly deposited the Bitcoins in BitPay's account. And it was BitPay that

disclosed the error and offered to compensate Ox Labs for Ox Labs' own mistake. We decline to award Ox Labs a windfall at BitPay's expense. The applicable California law does not compel us to award a remedy that we have concluded would be manifestly unjust, given the massive increase in Bitcoin price in the period after conversion of the assets up to this time; to the contrary, under California law the default remedy for such a conversion is to award damages equal to the property's value at the time of conversion.

**AFFIRMED.**